IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

TOBICO LOGISTICS LLC, a Texas
Limited Liability Company, and TOBICO
TRANSPORTATION, LLP, a Texas
Limited Liability Company,

    Plaintiffs,

v.                                          Civil Action No. 3:23cv391

DAVID JONATHAN POWELL, an individual,

    Defendant.
_____/

# COMPLAINT

COMES NOW, Plaintiffs TOBICO LOGISTICS, LLC and TOBICO TRANSPORTATION, LLP, by and through their undersigned counsel, and for their causes of action against Defendant, DAVID JONATHAN POWELL ("DAVID POWELL"), an individual, allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff TOBICO LOGISTICS, LLC is a Texas limited liability company. Plaintiff TOBICO LOGISTICS, LLC is registered as a for hire motor carrier and given authority to act in the capacity by the Federal Motor Carrier Safety Administration pursuant to FMCSA docket number MC 820482. Plaintiff TOBICO LOGISTICS, LLC has been in business for approximately ten years.

2.    Plaintiff TOBICO TRANSPORTATION, LLP is a Texas limited liability company. Plaintiff TOBICO TRANSPORTATION, LLP is registered as a freight broker and given authority to arrange for the transportation of property by commercial motor vehicle in interstate commerce

by the Federal Motor Carrier Safety Administration pursuant to FMCSA docket number MC 931429.  Plaintiff TOBICO LOGISTICS, LLP has been in business since 2015.

3. Plaintiffs have used the word mark "TOBICO" since their inception.

4. Defendant DAVID POWELL is an individual who maintains his domicile in Spotsylvania County, Virginia at 11315 Gordon Road, Fredericksburg, Virginia 22407.

5. Plaintiffs bring this lawsuit against Defendant DAVID POWELL to protect the substantial goodwill that has developed over the past decade in its distinctive TOBICO word mark and its common law right to that word mark. Plaintiff's' TOBICO word mark, although not a federally registered trademark, has earned a reputation as being a source of high-quality interstate motor carrier and freight brokerage services through TOBICO LOGISTICS, LLC and TOBICO TRANSPORTATION, LLP, respectively.

6. This is an action for Defendant DAVID POWELL's violation of 15 U.S.C. § 1125(a) of the Lanham Act and for unfair competition in violation of Section 43(a) of the Lanham Act of an unregistered trademark. This action also includes claims under Virginia law for infringement under Va. Code § 59.1-92.12.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1125(a) and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.  This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C.§ 1367.

7. Venue and personal jurisdiction of Defendant DAVID POWELL are proper in this district pursuant to 28 U.S.C. § 1391 as Defendant DAVID POWELL is a resident of Spotsylvania County, Virginia.

**GENERAL ALLEGATIONS**

8.  Plaintiffs' word mark TOBICO originates from a combination the name "TOBIN (TOBI)," the last name of its founding members and the abbreviation of the word "COMPANY (Co.)."

9.  On or about May 12, 2021, Defendant DAVID POWELL through his limited liability company, Axiom Logistics Group, Ltd., and in his personal capacity as a guarantor entered into agreements with Plaintiff TOBICO LOGISTICS, LLC to provide independent contractor drivers to Plaintiff TOBICO LOGISTICS, LLC using the motor carrier authority of Plaintiff TOBICO LOGISTICS, LLC and leasing tractors owned by Plaintiff TOBICO LOGISTCS, LLC. Neither Defendant DAVID POWELL nor Axiom Logistics Group, Ltd, had their own FMCSA authority to provide services as a motor carrier in interstate commerce.

10. A dispute arose between Plaintiff TOBICO LOGISTICS, LLC and Defendant DAVID POWELL, culminating in Defendant DAVID POWELL refusing to return the leased tractors and using the tractors, without permission, to haul property in interstate commerce using Plaintiff's TOBICO LOGISTICS, LLC's motor carrier authority, which presented a significant liability concern to Plaintiff TOBICO LOGISTICS, LLC.

11. Plaintiff TOBICO LOGISTICS, LLC reported the tractors stolen, resulting in the ultimate recovery of the tractors through law enforcement and private recovery means.

12. On July 8, 2022, Plaintiff TOBICO LOGISTICS, LLC commenced suit against Defendant DAVID POWELL and Axiom Logistics Group, Ltd. in Manatee County, Florida, pursuant to a venue selection clause in the agreements, seeking its damages related, *inter alia*, to the breach of the agreements.

13. Defendant DAVID POWELL is and has never been an owner of either of the Plaintiffs.

14. On or about July 11, 2022, having notice of Plaintiff TOBICO LOGISTICS, LLC's claims, Defendant DAVID POWELL filed an application for trademark registration at the United States Patent and Trademark Office for the TOBICO trademark, Serial No. 97497843 and obtained the federally registered trademark "TOBICO."

15. Defendant DAVID POWELL's filing of the trademark registration application was retaliation for Plaintiff TOBICO LOGISTICS, LLC exercise of its lawful rights.

16. Defendant DAVID POWELL's filing of the trademark registration application was malicious and aimed at undermining Plaintiffs and/or to secure leverage over Plaintiff TOBICO LOGISTICS, LLC in the dispute arising from the above-referenced agreements.

17. Defendant DAVID POWELL has no association whatsoever with the trademark "TOBICO" at the time of the filing of his trademark registration application, other than being a defendant in the above-referenced lawsuit brought by Plaintiff TOBICO LOGISTICS, LLC.

18. As part of the trademark registration application, Defendant DAVID POWELL gave notice, as required by 15 U.S.C. 1501(b)(1) and (3)(a), of his bona fide intention to use the "TOBICO" word mark and provided what was intended to be evidence of such actual use.

19. As part of the trademark registration application, as required by 15 U.S.C. 1501 (3)(d), Defendant DAVID POWELL attested, albeit falsely, that no other person had the right to use the "TOBICO" mark in commerce, intentionally and false omitting Plaintiffs' right to that word mark.

20. Defendant DAVID POWELL has engaged in its infringing activity despite having actual and constructive notice of Plaintiffs' priority rights and Plaintiffs' use of the tradename "TOBICO" in business.

21. The goodwill and reputation for quality that Plaintiffs have worked to cultivate is threatened by Defendant DAVID POWELL's actions. Defendants have federally registered the Plaintiff's business name "TOBICO", used and continues to use its "TOBICO" word mark, which is confusingly similar to Plaintiff's "TOBICO" business name. Unless Defendant DAVID POWELL is enjoined from using the "TOBICO" mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

22. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant DAVID POWELL's willful acts of trademark infringement and unfair competition.

## COUNT I
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

23. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 22 inclusive, as though fully set forth herein.

24. Plaintiffs alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Defendant DAVID POWELL's unauthorized registration and use of the TOBICO mark is and was wrongful and false. The actions of Defendant DAVID POWELL as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

26. Defendant DAVID POWELL's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

27. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill.

28. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiffs if Defendant DAVID POWELL is not restrained by this Court from further violation of Plaintiffs' rights. Plaintiff has no adequate remedy at law.

## COUNT II
## INFRINGEMENT UNDER VA. CODE. § 59.1-92.12

29. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 28 inclusive, as though fully set forth herein.

30. Pursuant to the foregoing DAVID POWELL knowingly, without the authorization or consent of the Plaintiffs, registered the TOBICO mark.

31. DAVID POWELL's wrongful registration of the TOBICO mark was done in a manner likely to cause consumer confusion, mistake and deception as to the origin and provision of transportation services.

32. DAVID POWELL's actions were intended to damage Plaintiffs' business interests through the deceptive use of the TOBICO mark.

33. DAVID POWELL's actions constitute infringement under Va. Code. § 59.1-92.12.

WHEREFORE Plaintiffs TOBICO LOGISTICS, LLC and TOBICO TRANSPORTATION, LLP pray for judgment against DAVID JONATHAN POWELL as follows:

(i) A preliminary and permanent injunction enjoying DAVID POWELL from the further use of the TOBICO mark or any types or marks confusingly similar thereto;

(ii) An award of damages that Plaintiffs have sustained and profits DAVID POWELL has derived as a result of his unfair competition;

(iii) An award of profits, damages and attorney's fees pursuant to Va. Code § 59.1-92.12

(iv) For any such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 15, 2023

_____/S/ Jeffrey Cox_____
Jeffrey E. Cox, Esq. VSB No.: 77857
Seaton & Husk, LP
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786
E-mail: jeffcox@transportationlaw.net
*Counsel for Plaintiffs Tobico Logistics, LLC*
*& Tobico Transportation, LLP*

7